IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10359
Summary Calendar
_____

GEORGE RENFRO,

Plaintiff-Appellant,

versus

CITY OF KAUFMAN ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1328-G
- - - - - - - - - -
October 16, 1998

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

George Renfro appeals a dismissal under Fed. R. Civ. P. 12(b)(6) in favor of the City of Kaufman and individual defendants Jess Murrell and Terry Letz. A district court's ruling on a Rule 12(b)(6) motion is subject to de novo review. Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992). This court accepts as true all the allegations of the complaint, considering them in the light most favorable to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The dismissal "may be upheld only if it appears that no relief could be granted

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under any set of facts that could be proven consistent with the allegations." McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir. 1995)(internal quotation and citation omitted).

Renfro raised his claims under 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must show three things. The improper conduct must have been committed by one acting under color of state law or ordinance, and this conduct must deprive the complainant of rights secured by the Constitution or of the United States. Burgess v. City of Houston, 718 F.2d 151, 154 (5th Cir. 1983). In order to sue a municipality under § 1983, the conduct alleged to be unconstitutional must "implement[s] or execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978). Local governments may also be sued for constitutional deprivations that have been caused by governmental custom. Monell, 436 U.S. at 690-691. A single incident without any supporting history will likely be an inadequate basis for inferring such a custom or usage unless the actor or actors involved had official policy-making authority. Worsham v. City of Pasadena, 881 F.2d 1336, 1339-40 (5th Cir. 1989). Municipal liability can attach only if city policy-makers make a deliberate choice to follow a course of action, as opposed to various alternatives. City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).

Renfro made only conclusional allegations that the acts of city officials were the result of a policy or decision or that any wrongs occurred as a result of a custom of the city. The district

court did not err in dismissing Renfro's § 1983 action for failure to state a claim.

Although Renfro attempts to argue that he has raised a claim under § 1985, he did not raise this statute by name in his complaint and it therefore cannot be used as a basis for recovery. Reid v. Hughes, 578 F.2d 634, 637 (5th Cir. 1978). A conspiracy may, however, be proved under § 1983. See Dennis v. Sparks, 449 U.S. 24 (1980). In order to prove such a conspiracy, a plaintiff must allege facts that show: 1) an agreement between private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights. Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). In his complaint, Renfro did not plead any facts that would tend to show that a conspiracy existed. All that is alleged are conversations and agreements between city officials on certain issues, which cannot rise to the level of an illegal agreement between separate parties. Moreover, an entity cannot conspire with itself. Hilliard v. Ferguson, 30 F.3d 649, 653 (5th Cir. 1994). There is no showing that the city conspired through its officials with any non-city individuals.

The decision of the district court is AFFIRMED.